<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 27, 2020

Pamela Vicarisi
8 Peters Lane
Verona, NJ 07044
*Pro se Plaintiff*

Christopher Abatemarco, Esq.
Connell Foley, LLP
85 Livingston Ave.
Roseland, NJ 07068
*Counsel for Defendant Aetna Insurance*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

    Re:    **Pamela Vicarisi v. Aetna Insurance**
             **Civil Action No. 20-2105 (SDW) (LDW)**

Litigants:

    Before this Court is Defendant Aetna Insurance's ("Aetna" or "Defendant") Motion to Dismiss *pro se* Plaintiff Pamela Vicarisi's ("Vicarisi" or "Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper and this case was removed to this Court under 28 U.S.C. § 1441(a). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Rule 78. For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**, and the Complaint is **DISMISSED**.

    **I.**    **BACKGROUND & PROCEDURAL HISTORY**

    Plaintiff alleges that her son requires oral surgery, but her preferred surgeon is "currently not in network." (D.E. 1-1 at 1.)[1] She states this "procedure was covered two years ago," but is no longer covered. (*Id.*)

---

[1] Citations to the Complaint (D.E. 1-1) will follow the pagination given by the electronic court filing system.

Plaintiff filed the instant Complaint in the Superior Court of New Jersey, Essex County, Law Division, Special Civil Part, on January 27, 2020. (*Id*.) Defendant removed this action to this Court on February 26, 2020. (D.E. 1.) Defendant then moved to dismiss on March 17, 2020. (D.E. 3.) Plaintiff did not submit an opposition, but on June 9, 2020, submitted a letter ("June Letter") giving further detail to her claim. (D.E. 4.)[2]

## II.   STANDARD OF REVIEW

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

Additionally, when considering motions to dismiss *pro se* complaints, courts will hold such complaints "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "even 'a *pro se* complaint must state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017).

## III.   DISCUSSION

Defendant moves to dismiss, arguing: (1) Plaintiff does not plausibly allege a claim for relief; and (2) even if she does, Plaintiff fails to allege that she exhausted mandatory administrative appeals procedures under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

---

[2] The June Letter only gives more detail to the breakdown of costs, including what Defendant is willing to cover, for the surgery she seeks for her son. (*See* D.E. 4.) Though not timely filed, the Court considers this letter.

2

A. <u>Failure to State a Plausible Claim</u>

Plaintiff provides very little detail in the Complaint and June Letter, and fails to state a plausible claim for relief. Plaintiff appears to be enrolled in her employer's employee health benefit plan ("Plan"), and seeks benefits under it.[3] Specifically, Plaintiff appears to allege that, under the Plan, Defendant should fully cover her son's upcoming oral surgery with her preferred, out of network surgeon, which is currently partially covered. (D.E. 1-1 at 1; *see also* D.E. 4.)

As pled, however, Plaintiff does not allege or argue that Defendant is required to provide such coverage under the Plan, that Defendant improperly denied coverage, or that Defendant failed to properly reimburse Plaintiff. (*See* D.E. 1-1 at 1; *see also* D.E. 4.)[4] As pled, Plaintiff only expresses dissatisfaction with her insurance coverage, not that Defendant has made an adverse claim determination against her based on her son's surgery, which has not yet occurred. Therefore, Plaintiff does not plausibly state a claim against Defendant.

B. <u>Failure to Exhaust Administrative Appeals Under ERISA</u>

Plaintiff also fails to plead that she exhausted her administrative remedies under ERISA.[5] Generally, "a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (citing *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir.1990)).

Here, the Plan outlines how to administratively appeal an adverse benefit determination for a health claim, and further states "[y]ou may not file an action at law or in equity for benefits under the Plan until the administrative appeal rights described [within the Plan] have been exercised and exhausted in full . . . ." (D.E. 3-5 at 59-60.) Plaintiff fails to allege that she exhausted her administrative remedies under the Plan.

IV.  **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED**. An appropriate Order follows.

                                              /s/ Susan D. Wigenton
                                          SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
     Leda Dunn Wettre, U.S.M.J.

---

[3] This Court considers the Plan (D.E. 3-5), which was submitted with Defendant's motion papers, as it is necessary to Plaintiff's claims. *See Acevedo v. Monsignor Donovan High Sch.*, 420 F. Supp. 2d 337, 340 (D.N.J. 2006) (noting a court may consider "all documents that are integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment").

[4] Defendant's proposed coverage of the surgery, as stated by Plaintiff, is consistent with what is outlined in the Plan. (*See* D.E. 3-5 at 8 (noting out of network deductible is $1,400, and 60% of the usual and prevailing rate after the deductible); D.E. 4 (Plaintiff noting Defendant is "willing to pay 60% after the deduc[t]ible is satisfied. The deductible is $1,400.00")).

[5] Though not alleged by Plaintiff, the Plan is governed by ERISA. (*See* D.E. 3-5 at 56 (noting Plan participants who complain of denial of benefits may take steps under ERISA to enforce their rights)); *see also* 29 U.S.C. § 1132(a).

A. <u>Failure to State a Plausible Claim</u>

Plaintiff provides very little detail in the Complaint and June Letter, and fails to state a plausible claim for relief. Plaintiff appears to be enrolled in her employer's employee health benefit plan ("Plan"), and seeks benefits under it.[3] Specifically, Plaintiff appears to allege that, under the Plan, Defendant should fully cover her son's upcoming oral surgery with her preferred, out of network surgeon, which is currently partially covered. (D.E. 1-1 at 1; *see also* D.E. 4.)

As pled, however, Plaintiff does not allege or argue that Defendant is required to provide such coverage under the Plan, that Defendant improperly denied coverage, or that Defendant failed to properly reimburse Plaintiff. (*See* D.E. 1-1 at 1; *see also* D.E. 4.)[4] As pled, Plaintiff only expresses dissatisfaction with her insurance coverage, not that Defendant has made an adverse claim determination against her based on her son's surgery, which has not yet occurred. Therefore, Plaintiff does not plausibly state a claim against Defendant.

B. <u>Failure to Exhaust Administrative Appeals Under ERISA</u>

Plaintiff also fails to plead that she exhausted her administrative remedies under ERISA.[5] Generally, "a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (citing *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir.1990)).

Here, the Plan outlines how to administratively appeal an adverse benefit determination for a health claim, and further states "[y]ou may not file an action at law or in equity for benefits under the Plan until the administrative appeal rights described [within the Plan] have been exercised and exhausted in full . . . ." (D.E. 3-5 at 59-60.) Plaintiff fails to allege that she exhausted her administrative remedies under the Plan.

IV.  **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED**. An appropriate Order follows.

                                        /s/ Susan D. Wigenton  
                                        SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk  
cc: Parties  
     Leda Dunn Wettre, U.S.M.J.

---

[3] This Court considers the Plan (D.E. 3-5), which was submitted with Defendant's motion papers, as it is necessary to Plaintiff's claims. *See Acevedo v. Monsignor Donovan High Sch.*, 420 F. Supp. 2d 337, 340 (D.N.J. 2006) (noting a court may consider "all documents that are integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment").

[4] Defendant's proposed coverage of the surgery, as stated by Plaintiff, is consistent with what is outlined in the Plan. (*See* D.E. 3-5 at 8 (noting out of network deductible is $1,400, and 60% of the usual and prevailing rate after the deductible); D.E. 4 (Plaintiff noting Defendant is "willing to pay 60% after the deduc[t]ible is satisfied. The deductible is $1,400.00")).

[5] Though not alleged by Plaintiff, the Plan is governed by ERISA. (*See* D.E. 3-5 at 56 (noting Plan participants who complain of denial of benefits may take steps under ERISA to enforce their rights)); *see also* 29 U.S.C. § 1132(a).